Filed 4/4/24  P. v. Evans CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ROBERT EVANS,<br><br>    Defendant and Appellant. | E079875<br><br>(Super.Ct.No. SWF1100070)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Alan Amann and James M. Toohey, Deputy Attorney Generals, for Plaintiff and Respondent.

Defendant and appellant Daniel Robert Evans appeals from the trial court's order denying his petition for resentencing under Penal Code[1] section 1170.95.[2]  For the reasons set forth *post*, we affirm the court's order.

## FACTUAL AND PROCEDURAL HISTORY

A.      PROCEDURAL HISTORY

On February 1, 2012, a jury convicted defendant of attempted first degree murder (§§ 664, 187 subd. (a); count 1), and active participation in a criminal street gang (§ 186.22, subd. (a); count 2).  The jury also found true the allegation that defendant personally and intentionally discharged a firearm causing great bodily injury under sections 12022.53, subdivision (d), and 1192.7, subdivision (c)(8).  The jury found not true the allegation that defendant committed the offenses for the benefit of a street gang under section 186.22, subdivision (b).

The trial court sentenced defendant to an aggregate term of 32 years to life, as follows:  seven years to life for attempted murder (count 1), plus a consecutive 25 years to life for the personal and intentional discharge of a firearm.  The court also ordered the midterm of two years for the active participation in a criminal street gang count (count 2), but stayed the sentence.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  Effective June 30, 2022, section 1170.95 was amended and renumbered as section 1172.6. -(Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 in this opinion, even though 1170.95 was the operative designation at the time of the underlying proceedings.

After defendant appealed, this court reversed the gang participation conviction (count 2). In all other respects, we affirmed the judgment. (*People v. Evans* (Jun 21, 2013, E056152) [nonpub. opn.] (*Evans-1*).)

April 18, 2022, defendant filed a petition for resentencing under section 1172.6. On September 9, 2022, the trial court denied defendant's petition.

September 27, 2022, defendant filed a timely notice of appeal.

B.  FACTUAL HISTORY[3]

"On January 9, 2011, Aaron Williams went to a Carl's Jr. restaurant in San Jacinto with his uncle Robert Moreno, who has Down syndrome, and his parents. While Williams' parents waited in the car, Williams and Moreno went inside the restaurant to order food. Subsequently, defendant entered the restaurant with his girlfriend, sister, and young nephew.

"While Moreno was ordering his food, defendant and the two women began giggling. One of the women began yelling, trying to rush Moreno to order faster. Williams became upset and told them to wait their turn as Moreno suffered from Down syndrome. One of the women yelled at defendant 'to do something.' Williams and defendant thereafter got into a confrontation, with defendant saying, 'It seems like you have a death wish. Step outside, and I will grant it to you.' The two women kept telling defendant to do something. Defendant then left the restaurant. Shortly thereafter Williams left too to ask his parents whether they wanted to order food.

---

[3] The facts are taken from the unpublished opinion in *Evans-1*, *supra*, E056152.

"As Williams was exiting the restaurant, one of the women started yelling and cursing at Williams, and telling defendant to do something. Defendant, who was standing next to a car parked next to Williams' car, pointed a gun at Williams and fired once, shooting Williams[] in the side of his cheek. Williams fell to the ground, and defendant fled the scene. [¶] . . . [¶] There was no evidence that defendant acted with others in committing the crime in this case."

## DISCUSSION

A. <u>THE TRIAL COURT PROPERLY FOUND DEFENDANT INELIGIBLE FOR RELIEF UNDER SECTION 1172.6</u>

On appeal, defendant contends that the trial court "erred by denying [defendant]'s petition for resentencing without providing a meaningful statement of reasons and without first reviewing any documents from his record of conviction, in violation of [defendant]'s statutory and constitutional rights." For the reasons set forth *post*, we disagree with defendant and affirm the court's order.

1. *LEGAL BACKGROUND*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) became effective January 1, 2019. "Senate Bill 1437 modified California's felony murder rule and natural and probable consequences doctrine to ensure murder liability is not imposed on someone unless they were the actual killer, acted with the intent to kill, or acted as a major participant in the underlying felony and with reckless indifference to human life." (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 220.)

4

Senate Bill No. 1437 also created a process through which convicted persons can seek resentencing if they could no longer be convicted under the reformed homicide law. (§ 1172.6, subd. (a).) Section 1172.6, subdivision (a), provides in part, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." (Italics added.)

Section 1172.6, subdivision (c), provides, "Within 60 days after service of a petition . . . the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." If the petitioner makes a prima facie showing he is eligible for relief under section 1172.6, the court shall hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d)(1).) At this hearing, either party may present new evidence and the prosecution bears the burden of proving the petitioner could still be convicted beyond a reasonable doubt. (§ 1172.6, subd. (d)(3).)

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the California Supreme Court found that former section 1170.95 entitled a defendant to have appointment of counsel after filing a proper petition and was entitled to have the opportunity for counsel to file briefing in response to any opposition filed by the People before the trial court makes its prima facie determination. (*Lewis*, at pp. 961-972.) As noted *ante*, this has been codified in section 1172.6, subdivision (c).

Thereafter, the California Legislature passed Senate Bill No. 775, effective January 1, 2022. Senate Bill No. 775 amended former section 1170.95 to expand its scope to those convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).) The bill also codified the holdings of *Lewis* regarding a petitioner's right to counsel and the standard for determining the existence of a prima facie case.

If a section 1172.6 petition contains all the required information, including "[a] declaration by the petitioner that the petitioner is eligible for relief," the trial court must appoint counsel if requested (§ 1172.6, subds. (b)(1)(A) & (b)(3)); the prosecutor must "file and serve a response" to the petition, to which the petitioner may reply (*id.*, subd. (c); and "[a]fter the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

However, a trial court's failure to comply with these statutory requirements is harmless if the record of conviction establishes that a defendant is ineligible for section 1172.6 relief as a matter of law. (See *Lewis*, *supra*, 11 Cal.5th at p. 973 [trial court's statutory omissions at the first step process under section 1172.6 are not state or federal constitutional violations]; see also *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893 (*Hurtado*).) " 'Typically, when an "error is purely one of state law, the *Watson* harmless error test applies." ' " (*Hurtado*, at p. 892, quoting *Lewis*, at p. 973.)

### 2.      *THE TRIAL COURT'S ERROR WAS HARMLESS*

Defendant contends that the trial court erred in denying his petition for resentencing at the prima facie stage because it failed to review any record of conviction: "There is no indication the court independently considered any other documents from the record of conviction in denying the petition."

We agree with defendant that the trial court failed to comply with the statutory requirements under section 1172.6. Notwithstanding the trial court's failure, we find the error harmless. Even if the court complied with the statutory requirements, there is no reasonable possibility that the court would have issued an order to show cause because defendant was ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 892; see also *Hurtado*, *supra*, 89 Cal.App.5th at p. 893.)

In this case, after defendant filed his pro. per. petition for resentencing, the trial court appointed counsel and scheduled a date for a status conference. The record on this appeal does not show that the People filed a response to the petition.

At the hearing on the petition on September 9, 2022, the prosecutor and defense counsel appeared. The prosecutor stated as follows:

"Your Honor, it's our motion to have the Court deny the petition filed 4/18/22. The defendant shot the victim in the face after the defendant and his group mocked the victim's disabled uncle at a fast food restaurant. The jury conviction was for attempted murder with .53(d) and gang allegation both found true.[4] The opinions and instructions are in imaging. Sent to counsel on 9/6/22. There's nothing regarding aiding and abetting, natural and probable consequences, or felony murder."

Defense counsel did not object. Instead, counsel stated: "Your Honor, in this matter, I did talk to [defendant] via CDCR confidential attorney call, and he's objecting to the Court denying the petition at this time."

The trial court then asked defense counsel, "do you take issue with any of the representations made by [the prosecutor]?" Defense counsel responded, "No, Your Honor."

Thereafter, the trial court summarily denied defendant's petition.

In addition to statements made by the prosecutor and defense counsel at the hearing on defendant's petition, the record shows that defendant alone attempted to murder the victim by directly shooting the victim. No one else was involved in the

---

**4** For clarification, the jury found the criminal street gang enhancement, attached to the attempted murder count, not true. Instead, the jury found defendant guilty of being an active participant in a criminal street gang (count 2), which this court reversed in the underlying appeal. However, defendant's involvement or non-involvement with a gang is irrelevant to the analysis under section 1172.6.

attempted murder. Moreover, the supplemental clerk's transcript in this case contains the jury instructions, and the jury was not instructed with felony murder, aiding and abetting, or the natural and probable consequences instructions.

" ' "[I]f the record . . . 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.' " ' [Citation.] 'The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' " (*Hurtado*, *supra*, 89 Cal.App.5th at p. 892, quoting *Lewis*, *supra*, 11 Cal.5th at p. 971.) Hence, "[a]s *the attempted murderer*, [defendant] is 'ineligible for relief' as 'a matter of law,' and 'there is no reasonable probability [defendant] would have obtained a more favorable result if' " the trial court had conducted an evidentiary hearing; "consequently, the trial court's errors were 'harmless.' " (*Hurtado*, *supra*, 89 Cal.App.5th at p. 893, quoting *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864.).)

Here, because defendant acted alone and personally shot the victim, and the jury was not given the pertinent jury instructions on felony murder, aiding and abetting, or under a natural and probable consequences theory, defendant is ineligible for relief under section 1172.6 as a matter of law. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 34-36.)

Therefore, even if the trial court had reviewed the underlying record, there is no reasonable probability that an order to show cause would have been issued because the record of conviction conclusively demonstrates that defendant is ineligible for relief.

## DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
Acting P. J.

We concur:

FIELDS _____
J.

MENETREZ _____
J.